# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **AVANI SHAH**, | § § § § § § | Case No.: 3:25-cv-5082 |
| Plaintiff, | § § |  |
| v. | § § |  |
| **SHARKNINJA OPERATING, LLC**, | § § |  |
| Defendant. | § § § |  |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **AVANI SHAH** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC,** hereby submits the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA OPERATING, LLC** (hereafter referred to as "SharkNinja" or "Defendant") and upon information and belief, at all times hereinafter mentioned, alleges as follows:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered b Plaintiff after Plaintiff was seriously injured by a "Ninja Foodi Power Blender Ultimate System."

2. Defendant SharkNinja Operating, LLC, designs, manufactures, markets, imports, distributes and sells a wide-range of consumer products, including the subject "Ninja Foodi Power Blender Ultimate system," which specifically includes the Model CO401B (referred to hereafter as "Ninja blender(s)" or "subject blender(s)") that is at issue in this case.

3. On or about June 10, 2023, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly detaching from the blade base during the normal, intended use of the Ninja blender.

4. The Ninja blenders are defectively designed and manufactured in that the unit's stacked blade assembly does not lock into place and is not secured to the gear shaft. When used in its normal and intended manner by consumers, the blade assembly can fall out of, or move around within, the pitcher, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention. The Ninja blenders pose a safety risk to consumers and to other individuals who may be in close proximity to the Ninja blenders while they are in use.

5. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its Ninja blenders to consumers and failing to recall the dangerously defective Ninja blenders regardless of the risk of significant injuries to Plaintiff and consumers like her.

6. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF AVANI SHAH

7. Plaintiff is a resident and citizen of the City of Monmouth, County of Monmouth, State of New Jersey.

8. On or about February 10, 2023, Plaintiff suffered serious and substantial injuries as the direct and proximate result of the Ninja blender's blade detaching from the blade base and moving around within the blender's pitcher, during the normal, intended use of the Ninja blender. The incident occurred as the result of the Ninja blenders' defect(s), namely, the Ninja blender's use of

an unsecured blade assembly.

## DEFENDANT SHARKNINJA OPERATING, LLC

9.     Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

10.    Defendant SharkNinja is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Needham, Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. Global Appliance UK Holdco Ltd. is a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10% of SharkNinja, Defendant is therefore a citizen of the United Kingdom, England, Massachusetts and Delaware for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION & VENUE

11.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this District.

13.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of New Jersey and intentionally availed itself of the markets within New Jersey through the promotion, sale, marketing, and distribution of its products.

## **FACTUAL BACKGROUND**

14.     Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the blenders at issue in this litigation.

15.     Ninja blenders, including the Ninja blender that injured the Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

16.     To assemble the unit, the user first aligns and lowers the pitcher onto the motor base, then rotates the pitcher clockwise until the pitcher locks into place.  Next the user takes the blade assembly and places it onto the gear shaft.  Once the user has added the desired ingredients, the lid is place on top of the pitcher and locked into place.



*See* Ninja CO401B Owner's Guide, pp. 14-15.

17.    Unlike the pitcher and the pitcher lid, the blade assembly does not lock into place, and is not otherwise secured to the gear shaft.  Instead, the blade assembly sits "loosely on the drive gear."[1]

18.    As a result, if the user pours the pitcher after removing the lid, or if the lid falls off the pitcher during pouring, the loose blade assembly can easily fall out of the pitcher and onto consumers, resulting in physical injuries such as severe lacerations.

19.    Defendant SharkNinja became aware of this defect as early as November 12, 2015, when, in conjunction with the Consumer Product Safety Commission (CPSC), it recalled roughly 1.1. million of its Ninja BL 660 series blenders for this exact defect.[2]

20.    According to the CPSC, the firm received 53 reports of lacerations caused by the stacked blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[3]

21.    Despite its knowledge of this defect, Defendant SharkNinja has continued to sell and design blenders with loose, unsecured blade assemblies, including blenders like the CO401B blender involved in this case.

22.    The Ninja blenders have been designed and manufactured such that consumers cannot safely use them in the intended manner without risk of physical injury.

---

[1] *Id.* at p. 14.

[2] *See* the CPSC Recall Notice from November 12, 2015 (https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders), a copy of which is attached hereto as "Exhibit B."

[3] *Id.*

23.     By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

24.     Plaintiff used her Ninja blender for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant.

25.     However, the aforementioned Ninja blender was defectively designed and manufactured by Defendants in that its loose, unsecured blade assembly is able to fall out of or move around within the pitcher during the normal, intended use of the Ninja blender, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

26.     Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the stacked blade assembly does not lock into place and is not otherwise secured to the gear shaft.

27.     Economic, safer alternative designs were available that could have prevented the Ninja blender's blade assembly from easily falling out of or moving around within the pitcher when it is poured or inverted. Examples of such designs include, but are not limited to, securing or affixing the blade assembly to the gear shaft or designing a blade assembly that locks into place.

28.     As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

29.     Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious

bodily injuries, medical expenses, physical pain, mental anguish, wage loss, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### (N.J.S.A. §2A:58C-1 *et. seq.*)

30.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

31.     This Count is brought pursuant to N.J.S.A. §2A:58C-1 *et. seq.*, the New Jersey Products Liability Act.

32.     At the time of Plaintiff's injuries, Defendant's blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

33.     Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

34.     Defendant, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq.*, is liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid blender that was unreasonably dangerous due to defects in construction or composition, defects in design, inadequate warnings about the product, and/or because the blender did not conform to the implied and express warranties of the manufacturer about this product.

35.     The Ninja blenders did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.  Specifically, Defendant's blenders are unreasonably dangerous in that the units' stacked blade assemblies do not lock into place and are not secured to the gear shaft.  When used in its normal and intended manner by consumers, the

blade assembly can fall out of or move around within the pitcher, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention.  The Ninja blenders pose a safety risk to consumers and to other individuals who may be in close proximity to the Ninja blenders while they are in use.

36.     Further, reasonable consumers, including Plaintiff, would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the Ninja blenders safe.  Specifically:

    a.  The Ninja blenders designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b.  The seriousness of the potential laceration injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c.  Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Ninja blenders, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d.  Defendant failed to adequately test the Ninja blenders; and

    e.  Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## JURY TRIAL DEMANDED

37.     Plaintiff is entitled to and demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

    A.  On the **FIRST CAUSE OF ACTION,** compensatory damages, interest, attorneys' fees, costs of suit and any such other relief as the Court deems just and proper.

Respectfully submitted,

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**

Date: <u>May 22, 2025</u>

*/s/ Marc Grossman, Esq.*
Marc Grossman, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
(516) 741-5600
(516) 741-0128 (fax)
mgrossman@milberg.com

*In association with:*

.

**JOHNSON BECKER, PLLC**

Adam J. Kress (MN#0397289)
*Pro Hac Vice to be filed*
Anna Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***